UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKHAIL VSEVOLODOVIC LYASKO,<br><br>Plaintiff,<br><br>v.<br><br>EVGENY ALEKSANDROVICH CHERNYSHEV,<br><br>Defendant. | Case No.  25-cv-09756-RFL<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 9 |

The motion to dismiss is **GRANTED WITH LEAVE TO AMEND** because all of Lyasko's claims are time barred.  This Order assumes that the reader is familiar with the facts of the case, the applicable legal standards, and the parties' arguments.[1]

***Statute of Limitations.***  A three-year statute of limitations applies to Lyasko's claim for fraud and his claims for unjust enrichment and breach of fiduciary duty that sound in fraud.  *See* Cal. Civ. Proc. Code § 338(d); *see, e.g.*, *Kanaan v. Yaqub*, 799 F. Supp. 3d 960, 966 (N.D. Cal. 2025); *Stapleton v. JPMorgan Chase Bank, N.A.*, 779 F. Supp. 3d 1059, 1073 (N.D. Cal. 2025).  The limitations period began to run "when [Lyasko] suspected or should have suspected that an injury was caused by wrongdoing," *i.e.*, "when [Lyasko] ha[d] information which would [have] put a reasonable person on inquiry."  *See Vera v. REL-BC, LLC*, 66 Cal. App. 5th 57, 69 (2021) (citations and emphasis omitted).  The Court takes judicial notice of proceedings in Russian court in which Lyasko asserted that Sberbank could not collect from him under the at-issue guarantees because those guarantees were void based on Chernyshev's fraud.[2]  (*See* Dkt. No. 9-1

---

[1] All citations to page numbers in filings on the docket refer to ECF page numbers.

[2] At oral argument, Lyasko confirmed that he does not contest the accuracy or translation of the copy of the Russian court decision that Chernyshev attached to his motion to dismiss.  The Court may therefore judicially notice the decision and consider it in resolving the motion.  *See* Fed. R. Evid. 201; *see, e.g.*, *Stewart v. Screen Gems-EMI Music, Inc.*, 81 F. Supp. 3d 938, 952 (N.D. Cal. 2015).

at 7-8.)  In those proceedings, the Russian court issued a decision in August 2022, which means Lyasko must have suspected Chernyshev's fraud by that point.  Accordingly, by August 2022, Lyasko was on inquiry notice, even if he did not know the full extent or nature of the alleged fraud.  *See Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) ("A plaintiff is on inquiry notice of its fraud claims when he learns, or at least is put on notice, that a representation [is] false." (citation and quotation marks omitted)); *see, e.g.*, *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1058-59 (9th Cir. 2008) (plaintiff had inquiry notice of fraud claim once it "had a basis to question [the defendant's] representations").  Thus, the statute of limitations had run by August 2025, which predates the September 2025 commencement of this action in state court.  (*See* Dkt. No. 1-1 at 4-21 (the "Complaint").)

Lyasko argues that he could not have sued in 2022 because he did not suffer a harm from the alleged fraud until the Russian bankruptcy court "charged" him "for AAE's debts" in 2025.  (*See* Dkt. No. 25 at 17.)  That construes the concept of harm too narrowly.  A plaintiff is "injured by virtue of entering into a guaranty, under which he assumed individual responsibility to answer for the obligations of [a debtor], that he would not have freely entered into if he had known about" the fraudulently misrepresented information.  *See Orozco v. WPV San Jose, LLC*, 36 Cal. App. 5th 375, 403 (2019).  Moreover, general principles of fraud damages support an expansive view of Lyasko's injury.  Where, as here, an allegation of fraud does not concern a defendant defrauding a plaintiff into a "purchase, sale or exchange of property," fraud damages "are governed by California's general fraud provision, Civil Code § 3333."  *See AIG Ret. Servs., Inc. v. Altus Fin. S.A.*, 365 F. App'x 756, 759-60 (9th Cir. 2010).  Under Section 3333, "the measure of damages . . . is the amount which will compensate for all the detriment proximately caused" by the fraud.  *See* Cal. Civ. Code § 3333.  The statute, accordingly, provides for "broad" and "flexib[le]" measures of damages.  *See United States v. CB&I Constructors, Inc.*, 685 F.3d 827, 833-34 (9th Cir. 2012).  The Court sees no reason why that breadth and flexibility should not encompass the increase in debt flowing from Sberbank's demand that Lyasko pay under the allegedly fraudulently procured guarantees.  Thus, Lyasko first suffered an injury as a result of

the alleged fraud no later than when Sberbank first attempted to collect from him as a guarantor, which occurred prior to August 2022, and not later when the Russian bankruptcy court actually charged him for AAE's debts.[3]

Nor do the continuing violation doctrine, equitable tolling, or fraudulent concealment toll the statute of limitations. (*See* Dkt. No. 25 at 18-21.) Lyasko does not allege that Chernyshev engaged in "a pattern of reasonably frequent and similar acts" constituting a "series of small harms" that left him unable "to identify with certainty when harm has occurred or has risen to a level sufficient to warrant action." *See Aryeh v. Canon Bus. Sols., Inc.*, 55 Cal. 4th 1185, 1197-98 (2013). So the continuing violation doctrine does not apply. As for equitable tolling and fraudulent concealment, nothing in the Complaint suggests that Lyasko "has reasonably and in good faith chosen to pursue one among several remedies [such that] the statute of limitations' notice function has been served" or that Chernyshev engaged in "deceptive conduct" that "caused [Lyasko's] claim[s] to grow stale." *See id.* at 1192.

*Rule 9(b).* Although the statute of limitations bars all of Lyasko's claims, which provides an independently sufficient basis to grant the motion to dismiss, because dismissal will be with leave to amend, this Order also addresses some of the Complaint's Rule 9(b) deficiencies. First, Lyasko alleges that he signed the two guarantees in 2020 but that Chernyshev's fraud "started just two months after Lyasko signed [the second] of his personal guarantees in December 2020." (*See* Complaint ¶¶ 20, 22.) A defendant cannot fraudulently induce a plaintiff into signing a guarantee *after* the guarantee has already been signed. Lyasko countered at oral argument that the post-signing fraud induced him not to invalidate the guarantees, but he offers no allegations to that effect. Second, Lyasko does not identify with sufficient particularity any misrepresentations that Chernyshev made *to him*. (*See, e.g.*, *id.* ¶ 18 ("In executing the

---

[3] In advance of oral argument, the Court issued a Notice of Questions for Hearing asking why Chernyshev's fraud had not injured Lyasko "at the moment when Sberbank demanded payment from Lyasko for AAE's debts." (*See* Dkt. No. 28 at 2.) Lyasko did not provide any authority in support of his position that the injury occurred only after a finding of liability was entered.

guarantees for loans made to AAE, Lyasko relied on the financial data and information that Chernyshev presented *to the banks*." (emphasis added).)

*Conclusion.*  Lyasko's claims are time barred, so his claims are **DISMISSED**.  Dismissal is with leave to amend because Lyasko might be able to add allegations that justify tolling the statute of limitations under his theories of equitable tolling and fraudulent concealment. Alternatively, if Lyasko amends to clarify that he is bringing claims under Russian law (as discussed below), then it is possible that the California statute of limitations wouldn't even apply.  Accordingly, the Court **ORDERS** as follows:

- If Lyasko wishes to file an amended complaint correcting the deficiencies identified in this Order, he shall do so by **March 24, 2026**.  The amended complaint may not add new claims (except as set forth below) or parties, or otherwise change the allegations except to correct the identified deficiencies, absent leave of the Court or stipulation by the parties pursuant to Federal Rule of Civil Procedure 15.

- At oral argument, Lyasko claimed to be bringing claims under Russian law.  The Complaint fails to provide sufficient notice under Federal Rule of Civil Procedure 8 that he is doing so.  The Complaint makes no mention of bringing suit under Russian law. Indeed, the charging allegations for two of Lyasko's claims expressly reference California law.  (*See id.* ¶¶ 81, 91.)  If Lyasko files an amended complaint, he shall clearly state whether he is bringing claims under Russian law.

- If Chernyshev intends to move to dismiss on the basis of *forum non conveniens* or that exclusive jurisdiction over Lyasko's claims lies in Russian bankruptcy court, he shall file any such motion by **April 7, 2026**.  (*See* Dkt. No. 9 at 9 n.1.)

    **IT IS SO ORDERED.**

Dated: March 3, 2026

RITA F. LIN
United States District Judge